This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                              **NO. 34,944**

**EMMA ALVARADO-NATERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}      Defendant Emma Alvarado-Natera appeals from a judgment and sentence, following a jury trial pursuant to which she was convicted of one count of possession of methamphetamine and one count of possession of drug paraphernalia. [RP 222-23] Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. In response to our notice, Defendant filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}      This Court's proposed disposition explained that while there appeared to be a viable basis for challenging the search of Defendant's purse, *see State v. Light*, 2013-NMCA-075, ¶ 42, 306 P.3d 534 (holding the search of the defendant's purse was "not supported by probable cause because the State failed to prove that the seizure of that individual item was supported by probable cause and it failed to establish a connection between the purse and the reason for the warrant" where the defendant was not subject to the search warrant, but was on the premises at the time the warrant was executed), without further development of the facts and an examination of the search warrant and supporting affidavit—neither of which were introduced below—we could not conclude that Defendant had made a prima facie case for ineffective assistance of counsel. [CN 3-4] *See State v. Paredez*, 2004-NMSC-036, ¶ 22, 136 N.M. 533, 101 P.3d 799 ("[W]e have held when the record does not contain all the facts necessary

for a full determination of the issue, an ineffective assistance of counsel claim is more properly brought through a habeas corpus petition[.]" (internal quotation marks and citation omitted)). In response, Defendant attempts to convince this Court that the facts in the record support suppression of the evidence pursuant to *Light*. [MIO 11-15] While Defendant has clarified some of the facts and supplied a more complete version of the facts as presented at trial, [MIO 2-4] we are not persuaded that suppression was warranted.

{3}     This Court recently addressed the question of whether personal property belonging to a visitor, but found on the premises to be searched, falls within the scope of a valid warrant. *Light*, 2013-NMCA-075, ¶ 33. In *Light*, this Court held that where there is nothing to suggest that a visitor's property—here, a purse—was connected to the premises subject to a search warrant or to the illegal activity occurring there, any search of that property was unlawful. *Id.* ¶ 46. In this case, when officers entered the home subject to the search warrant, Defendant was found in a bathroom rummaging through her purse with the toilet water running. [MIO 2] The homeowner and subject of the warrant was also in the bathroom, hiding behind the door. [MIO 2] Under these circumstances, we are not convinced that there is no connection between the purse and alleged illegal activity occurring at the home. Accordingly, we conclude that Defendant has not presented a prima facie case of ineffective assistance of counsel,

and we therefore decline to remand the case to the district court for an evidentiary hearing. However, this decision does not preclude Defendant from pursuing habeas corpus relief on these issues.

{4}     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**